IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE KEEN, | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 15-cv-1178 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| MERCK SHARP & DOHME CORP., a foreign corporation, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Joyce Keen ("Keen"), filed an eight count Amended Complaint, alleging discriminatory and retaliatory conduct during the course of her employment with defendant, Merck Sharp & Dohme Corporation ("Merck"). Merck moves to dismiss Count 7 of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [22]. For the reasons stated below, this Court grants the motion and dismisses Count 7.

**Background**

Count 7 of the Amended Complaint seeks relief under the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/1 *et seq.*, for the same conduct alleged in Count 1 of the Amended Complaint, which alleges disability discrimination in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* (Dkt. 19 at ¶3-68). Merck has been Keen's employer since 1997. Keen was an Executive Customer Representative, and was assigned the sales area of Chicago South Territory primarily in Cook County, Illinois. Keen asserts a disability within the meaning of the IHRA based on degenerative disc disease and radicular disc injury. Keen's job required travel by company car and, due to the size of her sales territory and disability, she requested that Merck

1

provide her with a heavier company vehicle that would have a more supportive seat and greater shock absorption. Merck did not provide an alternative vehicle.

On April 12, 2013, Keen was involved in a car accident in the course of her work, resulting in injuries to her cervical spine, weakness and dizziness. Her supervisor failed to submit a work related report of injury, which resulted in Keen not being paid while on medical leave and Merck garnished her salary. Keen alleges that Merck continued to refuse her accommodations after she returned to work on June 10, 2013. She alleges that she lost income from bonuses that she was unable to receive due to the recovery time she required from her injuries and lost other employment benefits as a result of Merck's failure to accommodate her disability.

**Legal Standard**

A court must dismiss any action for which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). When ruling on a motion to dismiss a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

**Discussion**

Merck moves to dismiss Count 7 on two bases. First, Merck argues that this Court lacks subject matter jurisdiction over the disability discrimination claim under the IWA because the IHRA preempts that claim. Alternatively, Merck argues that if the claim in Count 7 is not preempted, then this Court must dismiss it for failure to state a claim because Keen only alleges that the purported

disclosures were made internally to Merck and not to a government or law enforcement agency as required by IWA. The Court first turns to the jurisdictional issue.

Keen argues that the *Blount v. Stroud,* 232 Ill. 2d 302, 315, 904 N.E. 2d 1, 328 Ill. Dec. 239 (2009), decision changed Illinois law on preclusion of claims. Keen asserts that the Illinois Supreme Court in *Blount* held that a claim is independent of the IHRA if it was stated without reference to the legal duties the IHRA creates and instead referred to other statutes such as IWA. Yet, *Blount* did not change Illinois law, but only clarified that federal civil rights violations were not abrogated by the IHRA and reasserted the same "inextricably linked" test it had been applying in *Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill.2d 507, 639 N.E.2d 1273 (1994), and *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 687 N.E.2d 21 (1997). In *Blount*, the court found that the plaintiff's common law retaliatory discharge claim was not preempted by the IHRA because the plaintiff's alleged retaliation claim under the IHRA related to sexual harassment and was independent from her common law retaliation claim, which was based on her "refusal to commit perjury" in a discrimination case. *Blount*, 232 Ill. 2d at 316.

A claim under the IWA is preempted by the IHRA when it is "inextricably linked" to an alleged civil rights violation such that there is no independent basis for the action apart from the Act itself. *Garcia v. Complete Building Maintenance Co.,* No. 12-cv-4891, 2014 WL 652887, at *8 (N.D. Ill. Feb. 14, 2014) (Keys, M.J.) (finding Garcia's common law retaliatory discharge and IWA claim are "inextricably linked" with his claim pending before the IHRC and thus must be dismissed as preempted under the IHRA). Here, as in *Garcia,* Keen's claim under the IWA is "inextricably linked" to the alleged civil rights violation. Indeed, Keen incorporates by reference all the same allegations from her IHRA claim for disability discrimination into her a separate count under the IWA. Thus, there is no independent basis for her claim under the IWA apart from the Act itself. The claims are identical except for the statutory authority. Accordingly, this Court finds this Court lacks subject

matter jurisdiction over Count 7 because it is preempted by the IHRA claim in Count 1 and it must be dismissed.

Although Keen requests leave to file an amended complaint as to Count 7, this Court finds such an amendment is futile where the claim is preempted. Therefore, Keen's motion for leave to file a Second Amended Complaint is denied.

**Conclusion**

Based on the foregoing discussion, this Court grants Merck's Motion to Dismiss Count 7 and dismisses that count with prejudice.

IT IS SO ORDERED.

Date: October 16, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge